IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CALATRELLO, | ) | CASE NO. 1:05 CV 797 |
| Petitioner | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| AMERICAN CHURCH, INC., | ) | |
| Respondent. | ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Petitioner, Frederick Calatrello's Motion to Try the Petition on the Basis of the Record in the Underlying Unfair Labor Practice Proceeding. For the reasons set forth below, this motion is DENIED.

The Sixth Circuit has consistently used the "reasonable cause/just and proper" standard for evaluating whether an injunction under §10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j) is warranted. See, e.g., Ahearn v. Jackson Hospital Corp., 351 F.3d 226 (6th Cir. 2003); Fleischut v. Nixon Detroit Diesel, Inc., 859 F.2d 26 (6th Cir. 1988); Gottfried v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 80, 927 F.2d 926 (6th Cir. 1991); Kobell v. United

Paperworkers Int'l, 965 F.2d 1401, 1409 n. 3 (6th cir. 1992); Schaub v. West Mich. Plumbing & Heating, Inc., 250 F. 3d 962, 969 (6th Cir. 2001). That standard requires a district court to determine whether "(1) there is 'reasonable cause' to believe that unfair labor practices have occurred, and that (2) injunctive relief with respect to such practices would be 'just and proper.'" Schaub v. West Michigan Plumbing & Heating, 250 F.3d at 969.

Finding reasonable cause is not sufficient to allow the Court to order a temporary injunction. The Court must also determine whether an injunction at this stage of the proceedings is just and proper. The proper inquiry for this determination is whether "a temporary injunction is necessary 'to protect the Board's remedial powers under the [NLRA]." Schaub v. Detroit Newspaper Agency, 154 F. 3d 276, 279 (6th Cir. 1998)(citing Calatrello v. Automobile Sprinkler Corp. of America, 55 F.3d 208, 214 (6th Cir. 1995). The "just and proper" determination does not involve considerations of the traditional elements of a temporary injunction such as irreparable injury, substantial harm to others, and service of the public interest. Ahearn v. Jackson Hospital Corp., 351 F.3d at 234-36. (holding that the traditional elements used in determining whether to grant a temporary injunction do not apply in §10(j) injunctions in this Circuit.).

There is no question that the record in the underlying proceedings is sufficient to allow the Court to make a determination as to whether there is reasonable cause for an injunction. Respondent suggests, however, that it is not a sufficient basis for this Court to make a determination as whether the requested injunction would be "just and proper." The Sixth Circuit has recognized that events or circumstances occurring after the alleged violation may be relevant to the determination of whether an injunction is just and proper.

For instance, the Sixth Circuit has considered the likelihood that striking employees would leave town or find replacement jobs following an alleged labor violation to be relevant evidence in a "just and proper" determination. Schaub v. Detroit Free Press, Inc., 154 F.3d at 280. In Ahearn v. Jackson Hospital Corp., the court accepted evidence in the form of several affidavits attesting to the effects of the alleged labor violations on the remaining workers. In both cases the evidence concerned effects that occurred after the date of the alleged violation. In both cases the court considered this evidence when making its determination of whether an injunction would be "just and proper" under the circumstances. Respondent argues that post-violation evidence is necessary in this case in order to prove why the delay in the request for an injunction is prejudicial, and in order to prove that an injunction would be more of a hardship on it, than the denial of an injunction would be on the Petitioner. The Petitioner has offered no reply to this argument.

Petitioner's only stated reason for requesting that the §10(j) injunction hearing be limited to the record currently before the Board is that it would expedite the hearing process. The cases it has cited generally support the idea that such hearings may be expedited and that evidence may be summarily presented or presented by affidavit rather than by full evidentiary hearing. None of these cases say that potentially relevant evidence may be excluded altogether. Further, these cases apply to the evidence upon which a reasonable cause determination may be based. They do not purport to apply to what evidence may be relevant in a "just and proper" determination.

This Court believes that under the circumstances of this case, evidence accruing after the date of the alleged violation may be relevant to the determination of whether an injunction in this case would be "just and proper." The current conditions at the business may well be relevant to

a determination of whether an injunction is necessary in order to preserve the ultimate remedial power of the Board, and of whether the delay in filing for the injunction prejudiced the Respondent. Further, the Court has already established that Respondent shall have two weeks following this opinion in which to respond to the Petition for Injunction. This deadline will not be extended to allow for the development of additional evidence, however, any additional evidence necessary to support Respondent's response may be attached in the form of affidavits. Thus, the only expediency cost in allowing the submission of additional evidence in support of that response is the addition of a one week period in which the Petitioner may respond to any newly raised evidence. This is a very minor delay in the schedule in order to ensure that the Court has all relevant evidence before it when making a determination on the Petition for Injunction.

Therefore, in accordance with the Court's directive at the April 14, 2005 status conference, Respondent, American Church, Inc., shall have until May 13, 2005 to respond to the Petition for Injunction. Any evidence not contained in the record of the underlying proceeding before the Labor Relations Board which may be necessary to support Respondent's argument that an injunction is not "just and proper" shall be submitted by way of affidavit and shall be attached to its response. Petitioner shall then have until May 20, 2005 to respond to any new evidence raised in the Respondent's submission.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: April 28, 2005